**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **MARY TATE,** )  )  Plaintiff, )  )  v. )  )  **STEAK 'N SHAKE, INC.** and )  **JAMIA DETRICK,** )  )  Defendants, )  )  v. )  )  **JAMIA DETRICK,** )  )  Third Party Defendant. ) | NO. 5:20-CV-0265-MAS |

**MEMORANDUM OPINION & ORDER**

At the final pretrial conference the Court cautioned the parties against filing last minute motions regarding evidentiary issues or issues concerning deposition designations. And yet, three business days before trial, Defendant Steak 'n Shake, Inc. ("Steak'n Shake") decided to file another round of motions.

First, Steak 'n Shake filed a motion in limine seeking to exclude Plaintiff Mary Tate's ("Tate") use of an exhibit documenting the time of the sunset on the date of the alleged accident. [DE 97]. Tate responded and sought judicial notice of the time of the sunset. [DE 101]. As explained below, the Court grants Steak 'n Shake's motion in limine and excludes the relevant exhibit from trial. However, the Court also grants Tate's request to take judicial notice of the time of the sunset.

1

Second, Steak 'n Shake filed objections to the deposition designations for Dr. Matthew Kilma ("Dr. Klima"). [DE 98]. Tate responded. [DE 102].[1] Upon careful review of Dr. Klima's testimony, the Court will grant in part and deny in part Steak 'n Shake's objections.

## I.   RELEVANT FACTUAL BACKGROUND

This case is about an accident at the Steak 'n Shake in Richmond, Kentucky on December 27, 2019. Tate, along with her husband, walked from their hotel to the restaurant that evening. As they walked across the parking lot, Tate slipped and fell in oil leaked from the automobile of Defendant Jamia Detrick.

Tate alleges her fall occurred around 5:30 p.m., and that the sun had just set. The time of the accident relates directly to whether Steak 'n Shake had sufficient time remediate or warn of the oil in the parking lot. Tate has presented a report from timeanddate.com suggesting that the time of sunset for Richmond, Kentucky on December 27, 2019, was 5:25 p.m. ("Exhibit 69"). [DE 97, Page ID# 922-25]. In its response, Tate has also tendered a report from the United States' National Oceanic and Atmospheric Administration confirming that the time of sunset for Richmond, Kentucky on December 27, 2019, was 5:25 p.m. ("NOAA Report). [DE 97, Page ID# 922-25].

Following the accident, Dr. Klima treated the triad fracture dislocation of Tate's left elbow that resulted from the fall. His trial deposition was taken on June 16, 2022.

---

[1] Tate's response is also filed at DE 103 in an apparent duplicative filing. The Court will cite DE 102, the earlier filed response.

## II. ANALYSIS

A. **MOTION IN LIMINE EXCLUDING EXHIBIT 69 AND JUDICIAL NOTICE OF THE TIME OF THE SUNSET**

Steak 'n Shake contends that Exhibit 69 is inadmissible under Federal Rules of Evidence 403, 901, and 902. The Court agrees, although not necessarily for all the reasons cited by Steak 'n Shake.[2] Tate has not authenticated Exhibit 69 per FRE 901 and there does not appear to be a means by which Tate will be able to authenticate Exhibit 69 at trial per FRE 901.

In her response, Tate does not suggest otherwise. Rather, Tate asks the Court to take judicial notice of the time of the sunset under FRE 201. The cited rule provides that a Court may take notice of an adjudicative fact if the "fact is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FRE 201(c)(2). Here, Tate has sought judicial notice via the NOAA Report. For context, NOAA very purpose is, as an American scientific and regulatory agency within the United States Department of Commerce, to forecast and monitor weather and atmospheric conditions. Neither the parties nor the Court have any basis to contest NOAA's findings that the time of sunset was 5:25 p.m. on December 27, 2019. Thus, the Court will take judicial notice of the same. *See also Rosario v. City of New York*, No. 18-cv-4023, 2021 WL 199342, at *2 (S.D.N.Y. Jan. 20, 2021) (taking judicial notice of the time of sunset); *Hendrix*

---

[2] Steak 'n Shake cites *Carter v. Commonwealth*, No. 2009-CA-2295, 2010 WL 3604165 (Ky. App. Sept. 10, 2010) in support of its argument that Exhibit 69 violates FRE 403. Although that was the conclusion in *Carter*, the Court does not find it persuasive here. The court in *Carter* concluded that while sunset may occur at a certifiable time, "some illumination from natural light occurs after a sunset." *Id*. at * 2. Although the Court agrees with that description, the Court does not find the "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Steak 'n Shake is free to explore how much light still remained following sunset and the conditions actually observed by the witnesses.

*v. Sharp*, No. 3:18-cv-84, 2021 WL 727034, *6 (D. Nev. Jan. 13, 2021) (same); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1323 (N.D. Ala. 2010) ("Courts may take judicial notice of such scientific, historical, and geographical facts as the boundaries of a state or the time of sunset.") (citing *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.1997)).

**B.     OBJECTIONS TO DR. KLIMA'S DEPOSITION TESTIMONY**

In its objections, Steak n' Shake cites three categories of questioning by Tate's counsel as problematic. The Court will address each in turn.

**1.     Page 17, line 22 – Page 18, line 10; Page 25, lines 9-22; Page 26, line 11 – Page 27, line 6**

Both parties agree that Dr. Klima serves Tate's treating physician and will testify accordingly. Dr. Klima is not a retained expert witness and was not disclosed as such. The distinction is critical and emphasized by the Federal Rules. Specifically, FED. R. CIV. P. 26(a)(2)(B) places particular disclosure requirements on medical professionals retained to provide expert testimony in case. In contrast, for a treating medical professional simply providing their expert opinion concerning the treatment of their patient, FED. R. CIV. P. 26(a)(2)(C) does not require a written report. "If, however, the treating physician testifies 'beyond the scope' of the treatment rendered and gives opinion testimony based on his 'scientific, technical, or otherwise specialized knowledge,' then the treating physician is [] testifying as an expert witness, and at the very least must be disclosed according to the requirements in Rule 26(a)(2)(A) and (C)." *McFerrin v. Allstate Property & Cas. Co.*, 29 F. Supp. 3d 924, 933 (E.D. Ky. 2014).

Steak 'n Shake argues that in these portions of the challenged testimony Dr. Klima exceeds his scope as a treating physician and becomes an expert witness describing the "terrible triad" injury and prognosis generally. The Court largely agrees with Steak 'n Shake. In these challenged portions of testimony, Dr. Klima responds to direct examination questioning with general opinion

4

testimony on "terrible triad" injuries and the typical prognosis in the general population. [DE 98-1, Page ID# 950-51 (Dr. Klima's deposition, p. 17, ln. 22 – p. 18, ln. 10) and Page ID# 958 (Dr. Klima's deposition, p. 25, lns. 9-22)]. For example, Dr. Klima states "[t]hese are difficult to injuries to treat" and "the outcomes on them ten to be a little be worse[.]" [DE 98-1, Page ID# 950-51 (Dr. Klima's deposition, p. 17, ln. 22 – p. 18, ln. 2)]. Similarly, when asked "what are the long-term effects of a terrible triad injury like this?" Dr. Klima opined that the "long-term effects can be pain, stiffness, particularly with, you know, lifting objects of any sort of weight, that kind of thing." [DE 98-1, Page ID# 958 (Dr. Klima's deposition, p. 25, lns. 9-13)]. These types of statements do not relate to Dr. Klima's treatment of Tate, but rather are expert opinion testimony as defined in FED. R. EVID. 702 and required to be disclosed FED. R. CIV. P. 26(a)(2)(B). Thus, the Court will grant Steak 'n Shake's objection and strike the following lines from Dr. Klima's trial deposition: page 17, line 22 – page 18, line 10; page 25, lines 9-22; page 26, line 18 – page 27, line 6.

The Court denies Steak 'n Shake's objection as to the question and testimony on page 26, lines 11-17. The Court finds this testimony relates to the line of questioning directly preceding it and is limited to Dr. Klima's treatment of Tate and his assessment of her specific prognosis, not general expert opinion testimony.

    **2.        Page 25, lines 4-8**

Here, Steak 'n Shake objects to Tate's characterizing Dr. Klima's prior testimony as describing Tate's injury as "serious." In other words, Steak 'n Shake objects to the form of the question as mischaracterizing prior testimony. "'Form' objections include a broad category of objections, such as objections that the question is too broad, compound or ambiguous, that it has been asked and answered, that it calls for speculation, is argumentative, assumes facts not in evidence, calls for an opinion from a witness who is not qualified to give one, or is leading under

circumstances where leading questions are not permitted." *Fletcher v. Honeywell Int'l, Inc.*, No. 3:16-cv-302, 2017 WL 775852, at * 1 (S.D. Ohio Feb. 28, 2017) (citing *Boyd v. Univ. of Md. Med. Sys.*, 173 F.R.D. 143, 147 (D. Md. 1997) (citing 1 Michael H. Graham, *Handbook of Federal Evidence* H 611.15-611.22 (4th ed. 1996)); *NGM Ins. Co. v. Walker Const. & Dev., LLC*, No. 1:11-cv-146, 2012 WL 6553272, at *2 (E.D. Tenn. Dec. 13, 2012).

The Court finds the question does not mischaracterize Dr. Klima's prior testimony. Dr. Klima twice stated that the injury suffered by Tate was "terrible" [DE 98-1, Page ID# 950 (Dr. Klima's deposition, p. 17, ln. 12)] and "severe." [DE 98-1, Page ID# 950 (Dr. Klima's deposition, p. 18, ln. 10)]. Tate's counsel using the word "serious" to characterize Dr. Klima's prior testimony is accurate and synonymous with words such as "terrible" and "severe."

3. **Pages 37-39**

Per Steak 'n Shake, these cited pages include a colloquy provided by Tate's counsel that should be excluded. Tate agrees. Thus, the Court will grant the objection and strike the use of these pages during trial.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Steak n' Shake's Motion in Limine [DE 97] is **GRANTED** as Exhibit 69 violates FRE 901. Nevertheless, per FRE 201, Tate's motion [DE 101] to take judicial notice that the time of sunset on December 27, 2019, in Richmond, Kentucky was 5:25 p.m. is **GRANTED**.

(2) Steak 'n Shake's objections to the following trial deposition testimony of Dr. Klima [Ex. 83 and 83a] are **SUSTAINED**:

    a. page 17, line 22 – page 18, line 10;

    b. page 25, lines 9-22;

6

    c. page 26, line 18 – page 27, line 6; and

    d. pages 37-39.

(3) Steak 'n Shake's objections to the following trial deposition testimony of Dr. Klima [Ex. 83 and 83a] are **OVERRULED**:

    a. page 25, lines 4-8; and

    b. page 26, lines 11-17.

(4) To the extent Tate will present the video deposition during trial, Tate shall produce an edited exhibit in conformity with this opinion to both defendants in advance of trial.

Entered this 15th day of July, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge