UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MARY TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:20-CV-0265-MAS |
| ) | |
| STEAK 'N SHAKE, INC. and ) | |
| JAMIA DETRICK, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMIA DETRICK, ) | |
| ) | |
| Third Party Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Mary Tate ("Tate") has moved the Court to exclude all reference to the settlement agreement reached between Tate and Third-Party Defendant Jamia Detrick ("Detrick") pursuant to FED. R. EVID. 408(a). [DE 106]. Steak 'n Shake responded that the settlement agreement should be admitted pursuant to FED. R. EVID. 408(b) because the agreement will show bias on the part of Tate and/or Detrick. [DE 107].

The Court starts from the premise that under Rule 408, settlement agreements are typically inadmissible. The Rule states:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim

1

> by a public office in the exercise of its regulatory, investigative, or enforcement authority.

FED. R. EVID. 408(a).

Based on this first portion of the Rule, the settlement agreement should be excluded from evidence. The Rule includes an exception, however, that Steak 'n Shake contends applies here:

> The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408(b). Steak 'n Shake argues that because Tate and Detrick have entered into a settlement agreement that includes mutual, favorable considerations, Tate and Detrick—though seemingly adverse—may act in "cahoots on new theories of liability or defenses of Ms. Detrick to claims of negligence[.]" [DE 107 at Page ID# 1170]. The consideration at issue is as follows: "If, after the exhaustion of all appeals, a final determination is made that Detrick owes indemnity to Steak N Shake, Tate agrees to return any escrowed payment to Steak N Shake." Steak 'n Shake asks that the Court permit to introduce the settlement agreement into the record so that the jury will have a comprehensive understanding of the motivations of each party.

The Court finds the more prudent route is to grant the motion at this juncture, but permit Steak 'n Shake to reraise the issue during trial as necessary, when the Court can make a more specific finding in the context of the evidence and testimony at that time.

First, generally, "[t]he purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont de Nemours and Company C-8 Personal Injury Litigation*, 348 F.Supp.3d 698, 721 (S.D. Ohio, 2016). Sweeping rulings on evidentiary issues prior to trial, however, are generally disfavored, because "it is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged

2

evidence is clearly inadmissible." *Lotz v. Steak N Shake, Inc.*, 2021 WL 2270353, at *1 (E.D. Ky., June 3, 2021). Instead, "[w]hen there is an arguable basis for admitting the challenged evidence, '[t]he better practice is to deal with questions of admissibility as they arise.'" *Id*. at *1. Accordingly, the Court applies caution in admitting such evidence until the issue is more precisely raised during the trial.

Second, specifically, simply because a settlement agreement or settlement discussions are admissible under FED. R. EVID. 408(b) does not mean it also passes muster under FED. R. EVID. 401, 402, and/or 403. *See EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991) ("The risks of prejudice and confusion entailed in receiving settlement evidence are such that often the underlying policy of Rule 408 requires exclusion when a permissible purpose can be discerned." (alterations and quotation omitted)). The Court's critical concern here is vested in FED. R. EVID. 403. Tate and Detrick have each provided discovery depositions in this case well before the agreed upon settlement. If the settlement agreement is admitted under FED. R. EVID. 408(b) but both witnesses testify materially in line with their discovery depositions, then the Court fears the probative value of introducing the settlement agreement would be substantially outweighed by the unfair prejudice to Tate and Detrick as well as confuse the jurors. *See Vargas v. Michaels Stores, Inc.*, No. 8:16-cv-1949, 2017 WL 3723655, at *2 (M.D. Fla. Aug. 29, 2017) ([T]he Court cannot determine at this juncture whether discussion of settlement negotiations for the reasons permitted under Rule 408(b) would be unfairly prejudicial or confuse the jury. Accordingly, the Motion is denied to the extent evidence of settlement negotiations is permitted for the purposes enumerated in Rule 408(b). More specific objections regarding relevance or undue prejudice under Rules 401, 402, and 403 may be addressed at trial."). Conversely, if Tate and/or Detrick's testimony at trial differs materially from their testimony at their deposition and

the difference tends to favor Tate and Detrick, Steak 'n Shake may have a valid basis to overcome the current concerns under FED. R. EVID. 401, 402, and/or 403. Namely, Steak 'n Shake can use the settlement agreement to explore *why* Tate and/or Detrick have changed their story under the theory of bias.

Ultimately, the Court requires the context of the moment to make a ruling on this issue. *See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 510 F.Supp.3d 538, 553 (S.D. Ohio, 2020) (prohibiting mention of the settlement agreement without prior permission of the Court). For the reasons stated herein and on the record at the conference immediately preceding the voir dire, **IT IS ORDERED** that Tate's Motion in Limine [DE 106] is **GRANTED**. **IT IS FURTHER ORDERED** that no party may mention or allude to the settlement agreement between Tate and Detrick in the presence of the jury. However, if Tate and/or Detrick's testimony at trial differs materially from their testimony at their deposition and the difference tends to favor Tate and Detrick, Steak 'n Shake may reraise the admission of the settlement agreement only after the Court hears arguments of the parties and approves such admission.

Entered this 19th day of July, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge